Clarence F. Hill et al., Respondents, v. The Board of Water and Sewer Commissioners of the Village of Watkins, Appellant.

Appeal — Action Affecting Real Property. An action to recover damages for injury to real property by reason of the diversion of an alleged natural stream is not an action affecting the title to real property, or an interest therein (within the meaning of former section 191, subd. 3, of the Code of Civil Procedure, limiting appeals to the Court of Appeals), when it raises no question of title and will not admit of a judgment determining or changing the title to any of the real estate to which it relates.

Hill v. Water Comrs. of Watkins, 77 Hun, 491, appeal dismissed.

(Argued October 22, 1896; decided October 30, 1896.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered May 31, 1894, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action, and the facts, so far as material, are stated in the opinion.

O. P. Hurd for appellant. This court has jurisdiction to hear the appeal as the title to real property comes in question. (Buckingham v. Smith, 11 Ohio, 288; Brown v. Kennedy, 5 H. & J. [Md.] 195; Clark v. Connor, 38 Vt. 469; Roath v. Driscoll, 20 Conn. 532; Belden v. Renmels, 2 N. H. 255; Brace v. Yale, 11 Allen, 443; Code Civ. Proc. § 2514, subd. 13.)

Irving W. Cole for respondents. This court has no jurisdiction to hear this appeal, for the reason that the subject of the action is less than $500, and the action does not affect the title to real property, or any interest therein, and no order of the General Term permitting the appeal has been procured. (McMillan v. Cronin, 75 N. Y. 474; Nichols v. Voorhis, 74 N. Y. 28; Trevett v. Barnes, 110 N. Y. 500; Norris v. Nesbit, 123 N. Y. 650; Rood v. N. Y. & E. R. R. Co., 18

Barb. 84; 2 Greenl. on Ev. § 618; *Mason* v. *Hill*, 5 B. & Ad. 1; *Cary* v. *Daniels*, 6 Metc. 446; *Gould* v. *B. D. Co.*, 13 Gray, 442; *Scully* v. *Sanders*, 77 N. Y. 598.)

GRAY, J.    This appeal must be dismissed for lack of jurisdiction to hear the same.    The amount in controversy is less than $500 and the action does not affect the title to real property, or an interest therein, and there has been no order of the General Term permitting an appeal.

The action was brought to recover damages for the diversion by the defendant of a natural stream of water, which, it is alleged, used to flow in a permanent channel across the plaintiffs' premises.    The answer puts in issue the allegations with respect to the watercourse; denies the diversion thereof and sets up as a defense that the defendant was entitled, by virtue of certain grants, to take and use the water upon the premises described therein and proceeding from certain springs thereon. The controversy turned, among other things, upon the question of whether there had been the natural channel or watercourse extending from the springs.    The contention of the defendant was that it took water on certain lands under a right conveyed by deed and that the water was obtained from wells, which it dug, and not from a running stream or watercourse.

It is very clear that no question of title arises and that the judgment does not, and could not, affect the title to any real estate mentioned.    The action was simply in the nature of one for an injury to real property, by reason of the diversion of what was claimed to be a natural stream or watercourse. If, as a matter of fact, there was a natural stream, or watercourse, running through and serving the lands of the plaintiffs, then the nature of the defendant's interest in the land, whose springs fed the watercourse, was of no consequence.    Conceding to the defendant all that it claims, with respect to the grant through which it obtained its interest in the springs upon the land, it would not be justified, if those water sources had supplied a natural watercourse serving the lands

of the plaintiffs and which, as matter of fact, was found by the verdict of the jury to have existed, in diverting it. Whether there was such a watercourse as formed the natural outlet of the surface water, or the other water supplies upon the premises claimed to be owned by the defendant, and whether the defendant had affected that watercourse by diverting its waters into its reservoir, to the injury and damage of the plaintiffs' lands, were the material questions involved and determined in the action. The rule is well settled that no action can be deemed to affect the title to real estate, merely because it may relate to real estate ; as where it is brought for an injury to it. In order that the action may be deemed to be one affecting the title to real property, or an interest therein, that must be its actual effect, in the sense that a judgment therein will determine or change title. (_Norris_ v. _Nesbit_, 123 N. Y. 650 ; _Trevett_ v. _Barnes_, 110 N. Y. 500.)

The appeal should be dismissed, with costs.

All concur, except ANDREWS, Ch. J., not voting, and MARTIN, J., not sitting.

Appeal dismissed.